**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOYCE DEMYERS, | ) | NO. SA CV 10-1432-DDP(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| DOBBSON DAVIS, | ) | |
| Respondent. | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on September 22, 2010. The Petition challenges the "conviction and/or sentence" in a 1994 Orange County Superior Court criminal proceeding (Petition at 2). In a habeas corpus petition filed in this Court in 2000, Petitioner previously challenged the conviction and sentence in the same 1994 Orange County Superior Court criminal proceeding. See Demyers v. Adams, CV 00-375-AHS(E) ("the prior habeas action"). On November 30, 2000, this Court entered judgment in the prior habeas action, denying and dismissing the prior petition on the merits.

///

1    The Court must dismiss the present Petition in accordance with
2 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3 Effective Death Penalty Act of 1996"). Section 2244(b) requires that
4 a petitioner seeking to file a "second or successive" habeas petition
5 first obtain authorization from the court of appeals. See <u>Burton v.</u>
6 <u>Stewart</u>, 549 U.S. 147, 152-57 (2007) (where petitioner did not receive
7 authorization from Court of Appeal before filing second or successive
8 petition, "the District Court was without jurisdiction to entertain
9 [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir.
10 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 requires the permission of the court of appeals before 'a second or
12 successive habeas application under § 2254' may be commenced"). A
13 petition need not be repetitive to be "second or successive," within
14 the meaning of 28 U.S.C. section 2244(b). <u>See, e.g.</u>, <u>Calbert v.</u>
15 <u>Marshall</u>, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008) (subsequent
16 petition alleging different claims but challenging the same judgment
17 challenged in a prior habeas petition is "second or successive");
18 <u>Miles v. Mendoza-Powers</u>, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19,
19 2007) (same). Petitioner evidently has not yet obtained authorization
20 from the Ninth Circuit Court of Appeals. Consequently, this Court
21 cannot entertain the present Petition. See <u>Burton v. Stewart</u>, 549 at
22 152-57; <u>see also</u> <u>Dews v. Curry</u>, 2008 WL 590476, at *3 (E.D. Cal.
23 Feb. 29, 2008) (without Court of Appeals' authorization, "this court
24 lacks jurisdiction to consider the petition").
25 ///
26 ///
27 ///
28 ///

1    For all of the foregoing reasons, the Petition is denied and
2 dismissed without prejudice.
3
4    LET JUDGMENT BE ENTERED ACCORDINGLY.
5
6         DATED: March 10, 2011
7
8                                    _____
9                                         DEAN D. PREGERSON
10                                    UNITED STATES DISTRICT JUDGE
11
12
13 PRESENTED this 1st day of
14 October, 2010, by:
15
16 _____/S/_____
            CHARLES F. EICK
17 UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28